IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCHOENMANN PRODUCE COMPANY, } | |
| INC. and FARMING TECHNOLOGY, INC., } | |
| } | |
| *Plaintiffs*, } | |
| v.  } | Civil Case No. 4:07-cv-4264 |
| } | |
| BNSF RAILWAY COMPANY, } | |
| } | |
| *Defendant*. } | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant's Motion to Dismiss with Prejudice (Doc. 11). Having considered this document, the response and reply thereto, and all applicable legal standards, the Court hereby ORDERS that Defendant's motion is DENIED-IN-PART and GRANTED-IN-PART.

I.        Background and Relevant Facts

Plaintiff Farming Technology, Inc. ("Farming Technology") packages and markets potatoes under the trade name Mountain King Potatoes, and Plaintiff Schoenmann Produce Company, Inc. ("Schoenmann") distributes these potatoes for bulk purchase. (Pls.' Compl., Doc. 1 at ¶ 6). Both Farming Technology and Schoenmann use refrigerated rail cars to transport potatoes from growers in California, Colorado, Kansas, Nebraska, New Mexico, and Texas to their facility in Houston. (*Id.*). Until April 2007, Plaintiffs used refrigerated rail cars supplied by Defendant BNSF Railway Company ("BNSF") from all locations except for the San Luis Valley in Colorado. (*Id.*). San Luis Central rail cars were used to ship the potatoes out of the San Luis Valley but, shortly after placement, the cars were transported by BNSF to Plaintiffs'

Houston facility. (*Id.*). Plaintiffs used BNSF's refrigerated rail cars for over twenty years; however, in late 2006, BNSF announced that it would no longer provide refrigerated rail cars for use and shipment, and this, in turn, caused significant issues for Plaintiffs' business. (*Id.*).

Plaintiffs Schoenmann and Farming Technology filed suit against Defendant BNSF on December 12, 2007, asserting the following causes of action: (1) an action for damages for bunching of railcars under 49 U.S.C. § 10746; (2) an action for disgorgement of arbitrary, capricious, and excessive fuel surcharges; and (3) an action to declare a rail adjacent to its facilities "open" so that rail carriers other than BNSF may utilize BNSF's track.[1] Defendant has moved to dismiss Plaintiffs' claims arguing that Plaintiffs' federal question claims must be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to state any claim upon which relief may be granted under federal law.[2]

II.        Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

---

[1] The Court notes that Plaintiffs' third cause of action, to declare a rail adjacent to its facilities "open" so that rail carriers other than BNSF may utilize BNSF's track, was voluntarily dismissed without prejudice in an order dated April 22, 2008 (Doc. 23). Accordingly, the Court will not address the merits of this claim herein.

[2] Additionally, Defendant argues that the Court should dismiss any breach of contract claim pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction over this claim. In the Memorandum of Points and Authorities in Support of Plaintiffs' Response to Defendant's Motion to Dismiss with Prejudice (Doc. 21), Plaintiffs state as follows:

> In section II of the Motion, BNSF attempts to characterize the Plaintiffs' claim as one for breach of contract, ostensibly under Texas state law, and for this reason seeks dismissal for want of jurisdiction under Rule 12(b)(1) given the lack of diversity jurisdiction (which Plaintiffs accept as true based on BNSF's assertions). *However, the claim is clearly a Carmack Amendment claim.*

(Doc. 21 at ¶ 26) (emphasis added). Accordingly, as Defendant points out in its Reply in Support of BNSF's Motion to Dismiss with Prejudice (Doc. 24), the portion of Defendant's motion that argues in favor of dismissal for lack of subject matter jurisdiction over Plaintiffs' breach of contract claim is moot. As such, the Court need not address this argument.

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 1974. However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III.    Discussion

    A.    Bunching Claim

Plaintiffs argue that they are entitled to damages for bunching of rail cars for two reasons. First, they allege that it violates 49 U.S.C. § 10746.[3] Second, Plaintiffs assert that such

---

[3] This statute provides as follows:

> A rail carrier providing transportation subject to the jurisdiction of the Board under this part shall compute demurrage charges, and establish rules related to those charges, in a way that fulfills the national needs related to--
>
> (1) freight car use and distribution; and

bunching breaches the contract they had with BNSF. With respect to the latter, although Plaintiffs admit that the contract does not provide a guaranteed time of delivery, they argue that it does preclude undue delay at the cause of BNSF unilaterally. Specifically, they allege,

> [T]hroughout the course of its 2006 growing season, [Plaintiffs] would precisely plan the loading and transportation of [rail cars] filled with perishable agricultural commodities, potatoes, from Bakersfield, California to their location in Houston. Despite precise loading and placement of cars, for example, five (5) a day for five (5) days in a row, [Plaintiffs] would find themselves overwhelmed with notification of the placement of twenty-five (25) cars from Bakersfield, California on the same day.

(*Id.* at ¶ 13). Plaintiffs argue that they suffered damages as a result of the excessive number of cars arriving at their Houston facility for unloading and the stress that such inventory causes, in addition to the fact that BNSF attempted to assess demurrage charges and delay fees against Plaintiffs for their failure to timely unload the bunched rail cars.

In its motion to dismiss, Defendant BNSF argues that Plaintiffs have not asserted a viable cause of action under 49 U.S.C. § 10746 because the transportation of potatoes by rail is exempt from regulation per 49 C.F.R. § 1039.10. This regulation exempts rail transportation of agricultural commodities except grain, soybeans, and sunflower seeds from the provisions of Subtitle IV of Title 49. The provision that Plaintiffs rely on in asserting their bunching claim, 49 U.S.C. § 10746, is within Subtitle IV of Title 49, and, as such, Defendant argues that this claim must be dismissed under Fed. R. Civ. P. 12(b)(6).

In response to Defendant's motion, Plaintiffs concede that 49 U.S.C. § 10746 does not govern the bunching claim because of the exemption set forth in 49 C.F.R. § 1039.10. Instead, Plaintiffs argue that the practice of bunching violates section 6140 of the BNSF Rules

---

(2) maintenance of an adequate supply of freight cars to be available for transportation of property.

49 U.S.C. § 10746.

Book 6100 Series (the "Rules Book"), in which "BNSF agrees to transport shipment over its line with reasonable dispatch." As such, Plaintiffs contend that Defendant's failure to ship with reasonable dispatch is a viable claim under the Carmack Amendment, which is codified at 49 U.S.C. § 11706.

The Carmack Amendment "created a national scheme to compensate shippers for goods damaged or lost during interstate shipping." *Schoenmann Produce Co. v. Burlington Northern and Santa Fe Ry. Co.*, 420 F. Supp. 2d 757, 760 (S.D. Tex. 2006) (citing *New York, New Haven & Hartford R.R. v. Nothnagle*, 346 U.S. 128, 131 (1953)). Under this provision, a rail carrier transporting cargo in interstate commerce is subject to absolute liability for actual loss or injury to property. *Id.* (citing *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 611 (9th Cir. 1992)). To establish a *prima facie* case of liability under the Carmack Amendment, the shipper must prove the following: "(1) delivery of the goods in good condition, (2) receipt by the consignee of less goods or damaged goods, and (3) the amount of damages." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (citing *Accura Systems, Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 877 (5th Cir. 1996); *Johnson & Johnson v. Chief Freight Lines Co.*, 679 F.2d 421 (5th Cir. 1982)). "The carrier is then liable for the loss of the goods it transported unless it can show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes-such as an act of the shipper-relieving the carrier of liability." *Johnson & Johnson*, 679 F.2d at 422 (citation and footnote omitted).

Although the Carmack Amendment is a provision within Subtitle IV of Title 49, 49 U.S.C. § 10502(e) states:

> No exemption order issued pursuant to this section shall operate to relieve any rail carrier from an obligation to provide contractual terms for liability and claims which are consistent with the provisions of section 11706 of this title. Nothing in this subsection

> or section 11706 of this title shall prevent rail carriers from offering alternative terms nor give the Board the authority to require any specific level of rates or services based upon the provisions of section 11706 of this title.

49 U.S.C. § 10502(e). Plaintiffs, therefore, are not precluded from asserting a Carmack Amendment claim despite the potato transportation exemption. Furthermore, the Court notes that this provision has been interpreted to mean that "carriers and shippers may agree to terms other than Carmack Amendment liability . . . as long as shippers have the option of shipping under the Carmack Amendment terms." *Schoenmann Produce Co. v. Burlington Northern and Santa Fe Ry. Co.*, 420 F. Supp. 2d 757, 760 (S.D. Tex. 2006) (citations omitted). As such, the Court notes that it is possible for the Rules Book to provide such an alternative to liability.

In support of its claim, Plaintiffs contend that "although the Carmack Amendment refers to compensation 'for loss or damage' to goods, it also allows for recovery for unreasonable delay in the delivery of goods, even if not lost or damaged." *Richter v. North Am. Van Lines, Inc.*, 110 F. Supp. 2d 406, 412 (D. Md. 2000) (footnote omitted). "The duty to transport goods with reasonable dispatch is 'an integral part of the normal undertaking of the carrier.'" *Id.* (quoting *New York, Philadelphia & Norfolk Railroad v. Peninsula Produce Exchange*, 240 U.S. 34, 38-39 (1916)). "A party injured by the carrier's breach of that duty is entitled to recover damages under the Carmack Amendment." *Id.* (citations omitted). Plaintiffs, therefore, conclude that, because the potatoes were not transported with reasonable dispatch, they have an action for damages under the Carmack Amendment.

Defendant BNSF makes two arguments in its reply. First, Defendant contends that Plaintiffs' claim falls outside of the scope of the Carmack Amendment and attempts to distinguish the case law on failure to transport with reasonable dispatch. Second, with respect to Plaintiffs' assertion that their bunching claim arises under the Rules Book which sets forth an

alternative to the Carmack Amendment's statutory liability scheme, Defendant argues that Plaintiffs have failed to satisfy conditions set forth in the Rules Book with respect to asserting a loss and damage claim.  In regard to the second argument, the Court notes that it may not consider as evidence the provisions Defendant cites to in the Rules Book, as these provisions are neither in the complaint nor are they attached as an exhibit thereto.

After reviewing and considering the arguments presented on Plaintiffs' bunching claim, liberally construing the complaint in Plaintiffs' favor, drawing all reasonable inferences in favor of Plaintiffs' claims, and taking all factual allegations pleaded in the complaint as true, the Court has determined that Plaintiffs have stated a claim that is plausible on its face.  Defendant's motion to dismiss with respect to Plaintiffs' bunching claim is, therefore, denied.

        B.      <u>Fuel Surcharge Claim</u>

Additionally, Plaintiffs assert a cause of action for disgorgement of arbitrary, capricious, and excessive fuel surcharges based upon the standard set forth in the Surface Transportation Board's January 25, 2007, ruling (the "STB Ruling"), which was attached to Plaintiffs' Complaint as Exhibit A.  Plaintiffs are seeking damages in the amount they paid in excessive fuel surcharges to BNSF from 2003 through 2007.

Just as it did with respect to Plaintiffs' bunching claim, Defendant BNSF argues that Plaintiffs have not stated a claim upon which relief can be granted with respect to arbitrary, capricious, and excessive fuel surcharges.  Plaintiffs base their claim on the standard set forth in the STB Ruling, which Defendant argues is centered around 49 U.S.C. § 10702(2), a provision within Subtitle IV of Title 49 that states as follows:

> A rail carrier providing transportation or service subject to the
> jurisdiction of the Board under this part shall establish reasonable--

> (1) rates, to the extent required by section 10707, divisions of joint rates, and classifications for transportation and service it may provide under this part; and
>
> (2) rules and practices on matters related to that transportation or service.

49 U.S.C. § 10702(2).  Because this provision falls within Subtitle IV of Title 49, Defendant asserts that the potato transportation exemption applies.  Additionally, Defendant points out that the STB Ruling expressly states that the STB would "not move forward with the proposal to apply these measures to exempted traffic."  (Pls.' Compl., Doc. 1 Ex. A at 10).  The STB Ruling advised shippers that they are "not precluded from filing individual petitions [with the STB] to revoke an exemption where there is no longer adequate competition."  (*Id.*).  Accordingly, Defendant argues that Plaintiffs' fuel surcharge claim should also be dismissed under Fed. R. Civ. P. 12(b)(6).

In their response, however, Plaintiffs argue that, like their bunching claim, the fuel surcharge claim arises under the Carmack Amendment.  If the Court disagrees with Plaintiffs' contention that the fuel surcharge claim arises under the Carmack Amendment, Plaintiffs request the Court to construe this claim as one for declaratory relief under the Declaratory Judgment Act and seek a declaration of the amount to which Plaintiffs are entitled.

It is clear that Plaintiffs' fuel surcharge claim does not fall within the parameters of the Carmack Amendment.  Indeed, Plaintiffs admit that this claim "does not allege loss or damage to goods being shipped."  (Doc. 21 at n. 5).  Furthermore, the Court is not persuaded by Plaintiffs' alternative argument that the Court should construe the fuel surcharge claim as one for declaratory relief.  As Plaintiffs allege, the fuel surcharge claim is based on a standard adopted in the STB Ruling.  The STB Ruling, however, explicitly states that the STB would "not move forward with the proposal to apply these measures to exempted traffic."  (Pls.' Compl., Doc. 1

Ex. A at 10).  Rail transportation of potatoes is exempted traffic, and, as such, the standard from the STB Ruling does not apply.  Accordingly, Court finds the Court finds that Plaintiffs' fuel surcharge claim must be dismissed under Fed. R. Civ. P. 12(b)(6).

IV.        Conclusion

Accordingly, it is hereby

ORDERED that Defendant's motion on the bunching claim is DENIED.

It is further

ORDERED that Defendant's motion on the fuel surcharge claim is GRANTED and the claim is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6).

SIGNED at Houston, Texas, this 29th day of September, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE